UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LOUIS GULLEY,

       Defendant.

_____/

Case No. 00-80021

SENIOR UNITED STATES
DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER
## DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE [82] AND GRANTING DEFENDANT'S MOTION FOR TRANSCRIPTS [79]

Before the Court are two post-sentencing motions: (1) Defendant's Motion for Reduction of Sentence[82] and (2) Defendant's Motion for Transcripts [79]. On February 22, 2001, Defendant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). On May 24, 2001, Defendant was sentenced by this Court to a term of seventy months incarceration. After a sentencing appeal and remand, Defendant was re-sentenced by this Court to seventy-seven months on April 21, 2003.

For the reasons stated below, Defendant's Motion for Reduction of Sentence [82] is DENIED and Defendant's Motion for Transcripts [79] is GRANTED.

A. Defendant's Motion for Reduction of Sentence [82]:

Defendant raises two issues in this motion. The issues will be analyzed in turn below.

    (1) Motion for Reduction of Sentence:

A defendant may motion the Court to reduce his term of imprisonment where the defendant has been sentenced to a term of imprisonment based on a sentencing range that has

1

been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2) (2006).

Defendant motions the Court to lower his sentence based on Amendment 742 to the U.S. Sentencing Guidelines. Amendment 742 eliminated criminal history points based on recency–the recent proximity in time that an instant offense was committed in relation to a prior term of imprisonment. *See* U.S. SENTENCING GUIDELINES MANUAL supp. to app. C, Amend. 742, pp. 354-56 (2010) (amending § 4A1.1(e)). Defendant cites to § 4A1.1(d) as support for the relief requested. Subsection (d), however, was not substantively altered by Amendment 742. Nonetheless, Defendant's assertions support the presumption that his motion intended to address the guidelines change to §4A1.1(e), embodied in the amendment. Defendant asks for a retroactive reduction in his sentence.

Pursuant to the United States Sentencing Guidelines (USSG), a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582 (c)(2) unless two conditions are met: (1) the amendment upon which defendant seeks reduction must be specifically listed as a retroactive amendment under USSG § 1B1.10 (c), and (2) the retroactive amendment must have the effect of lowering the defendant's applicable sentencing guidelines range. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (a)(2)(A-B) (2010). Amendment 742 is not given retroactive effect because it is not listed as a retroactive amendment in § 1B1.10(c). *See* § 1B1.10(a) & (c); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994). Therefore, Defendant is not eligible for a reduction.

Even if Amendment 742 were a retroactive amendment, its application would not alter Defendant's guidelines range. Amendment 742 eliminates recency points under USSG § 4A1.1(e), a component of Defendant's criminal history computation. At sentencing, Defendant received one recency point under the pre-amended § 4A1.1(e). If Amendment 742 had retroactive effect, Defendant would only be entitled to a one point reduction in criminal history computation, which would bring his criminal history point level to 8 instead of 9. Still, with a criminal history point computation of 8, Defendant would remain in criminal history category IV and Defendant's guidelines range would not have changed.

USA v. Gulley<br>#00-80021

Therefore, Defendant's motion is DENIED.

### (2) Defendant's Motion to Review of the Consecutive Nature of Defendant's State and Federal Sentences:

Defendant requests that the Court review whether his state and federal sentences may be served concurrently rather than consecutively. Defendant has cited no legal authority to support his request.

Pursuant to 18 U.S.C. § 3584 (a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. A retroactive designation changing consecutive sentences to concurring sentences is within the province of the Bureau of Prisons (BOP). The BOP has determined that a retroactive concurrent designation of Defendant's prison terms is not appropriate in this case.

Thus, after a careful review of the matter, the Court DENIES Defendant's motion.

### B. Defendant's Motion for Transcripts [79]:

The Court heard Defendant's plea on February 22, 2001. Defendant requests Plea Agreement transcripts to assist him in drafting a *pro se* motion under 28 U.S.C. § 2255. Defendant's Motion for Transcripts [79] is GRANTED.

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence [82] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Transcripts [79] is **GRANTED**.

USA v. Gulley<br>#00-80021

**SO ORDERED.**

                                       **S/ARTHUR J. TARNOW**
                                       **Arthur J. Tarnow**
                                       **Senior United States District Judge**

**Dated: April 15, 2011**

I hereby certify that a copy of the foregoing document was served upon

Louis Arzell Gulley (27827-039)
FMC DEVENS
Federal Medical Center
P.O. Box 879
Ayer, MA 01432

and counsel of record on April 15, 2011, by electronic and/or ordinary mail.

                                       S/MICHAEL L. WILLIAMS
                                       Relief Case Manager